FILED
2013 Mar-29 PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

ELECTRONICALLY FILED
1/9/2013 11:12 AM
CV-2013-900027.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
BILLY YATES, CLERK

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL & SANDRA LORD, | * |
| Plaintiffs, | * |
| v. | * Case Number: CV-13-_____ |
| ALLSTATE INSURANCE COMPANY, | * |
| Defendant | * |

## COMPLAINT

### Count One

### Breach of Contract/Benefit Claim

1. Plaintiffs Michael and Sandra Lord own a home insured by Defendant.

2. On or about 4/27/11, the Plaintiffs' home was damaged by wind. The damage suffered was an insured loss under the contract of insurance.

3. Plaintiffs gave timely notice of said loss to Allstate and made a claim for benefits. All conditions precedent for the payment of said claim have been fulfilled.

4. Defendant Allstate has breached the contract and refused to pay said claim.

WHEREFORE, Plaintiffs request an appropriate amount together with interest and costs of this action and will grant your Plaintiffs such further and general relief to which they are entitled. Plaintiffs request more than $50,000.

### Count Two

### Bad Faith – Normal and Abnormal

1. Plaintiffs incorporate and re-allege all prior allegations.

2. Defendant Allstate issued a contract of property insurance to Plaintiffs.

3. On or about 4/27/11, Plaintiffs' home suffered loss from strong wind.

4. Plaintiffs timely gave Allstate notice of said loss under said policy, and made a claim for benefits thereunder. All conditions precedent for the payment of said claim have been fulfilled.



DEFENDANT'S EXHIBIT A

5. Defendant Allstate has intentionally refused to pay the Plaintiffs' said claim under said policy and denied the same without lawful justification.

6. Defendant Allstate's refusal to pay said claim was not based upon any reasonably legitimate, arguable or debatable reason.

7. Defendant Allstate knew that there was no legitimate, arguable, or debatable reason for denying the claims, when Defendant Allstate refused to pay said claim.

8. The Defendant Allstate intentionally failed to determine whether or not there was any lawful basis for its refusal to pay said claim.

9. The Defendant Allstate acted in bad faith in refusing to pay said claim.

10. As a result Plaintiffs have suffered loss of benefits and mental distress.

11. Plaintiffs claim punitive damages of the Defendant.

12. Allstate has a pattern of denying valid homeowner claims.

WHEREFORE, Plaintiffs request that the Court will allow judgment for Plaintiffs and against Defendant in the sum of an appropriate amount, together with interest and costs of this action; will, in addition, or in the alternative, order specific performance of the obligations of Allstate under the contract averred herein; and will grant your Plaintiffs such further and general relief to which they are entitled. Plaintiffs request over $50,000.

s/MYRON K. ALLENSTEIN (ALL016)
Attorney for Plaintiffs
ALLENSTEIN & ALLENSTEIN, LLC
141 South 9th Street
Gadsden, AL 35901
Telephone: (256) 546-6314
Fax: (256) 547-7648
myron@allenstein.com

**JURY TRIAL DEMANDED**

_____
MYRON K. ALLENSTEIN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

MICHAEL and SANDRA LORD )
)
    Plaintiffs, )
)
vs. ) Case No.: _____
)
ALLSTATE INSURANCE COMPANY )
)
    Defendant. )

## ANSWER OF DEFENDANT ALLSTATE INSURANCE COMPANY

Comes now the Defendant, ALLSTATE INSURANCE COMPANY, a corporation, and for Answer to the Complaint of the Plaintiffs, states as follows:

### COUNT ONE

1. Admitted.

2. Admitted.

3. Denied.

4. Denied.

### COUNT TWO

1. This Defendant adopts and incorporates its admissions and denial set-forth above.

2. Admitted.

3. Admitted.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

{01785825.1/1050-0544}

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## FIRST DEFENSE

The Complaint fails to state any claim against the Defendant upon which relief can be granted.

## SECOND DEFENSE

This Defendant pleads the general issue and denies each and every material allegation of the Plaintiffs' Complaint and demands strict proof thereof.

## THIRD DEFENSE

This Defendant denies that it has breached any contract with the Plaintiffs.

## FOURTH DEFENSE

This Defendant pleads the applicable terms and conditions of the policy in question.

## FIFTH DEFENSE

This Defendant specifically denies that Plaintiffs have alleged facts upon which reasonable or justifiable reliance has been placed upon any representation of this Defendant.

## SIXTH DEFENSE

This Defendant affirmatively denies that it or any of its agents, servants or employees are guilty of any bad faith conduct in their dealing with the Plaintiff.

### SEVENTH DEFENSE

This Defendant expressly denies any intentional refusal to pay a claim submitted by the Plaintiffs which was covered under the policy of insurance in existence at the time of the loss.

### EIGHTH DEFENSE

This Defendant specifically denies any intentional failure to perform any duty implied by law of good faith and fair dealing with the Plaintiffs.

### NINTH DEFENSE

This Defendant affirmatively asserts that there has been no intentional failure to determine whether a lawful basis for refusal to pay any portion of the benefits due under the policy, and further that said Defendant is unaware of any conscious wrongful conduct in the adjustment of the claim.

### TENTH DEFENSE

As concerns all claims based upon negligence, this Defendant pleads contributory negligence.

### ELEVENTH DEFENSE

This Defendant denies that it breached any duty to the Plaintiffs.

### TWELFTH DEFENSE

This Defendant denies that it or any of its agents, servants or employees misrepresented or suppressed any material fact to the Plaintiffs.

### THIRTEENTH DEFENSE

This Defendant pleads the applicable statute of limitations.

### FOURTEENTH DEFENSE

This Defendant asserts that Plaintiffs' claims are barred by the statute of frauds.

## FIFTEENTH DEFENSE

This Defendant pleads accord and satisfaction.

## SIXTEENTH DEFENSE

This Defendant asserts that Plaintiffs' claims are barred by the doctrine of waiver and estoppel.

## SEVENTEENTH DEFENSE

This Defendant states that venue is improper.

## EIGHTEENTH DEFENSE

This Defendant asserts misrepresentation in the application and misrepresentation in the proof of the claim thus voiding the policy in question pursuant to the language of the policy itself and applicable Alabama statutes and case law.

## NINETEENTH DEFENSE

This Defendant avers that Plaintiffs failed to mitigate damages.

## TWENTIETH DEFENSE

This Defendant pleads contributory bad faith.

## TWENTY-FIRST DEFENSE

This Defendant denies that it is guilty of any conduct which entitles the Plaintiffs to a recovery of punitive damages.

## TWENTY-SECOND DEFENSE

This Defendant asserts that any award for punitive damages to the Plaintiffs in this action constitutes a violation of the constitutional safeguards provided to this Defendant under the Constitution of the State of Alabama.

### TWENTY-THIRD DEFENSE

This Defendant asserts that any award for punitive damages to the Plaintiffs in this action constitutes a violation of the constitutional safeguards provided to this Defendant under the Constitution of the United State of America.

### TWENTY-FOURTH DEFENSE

This Defendant asserts that any award of punitive damages to the Plaintiffs in this action would be a violation of the constitution safeguard provided to this Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States of America.

### TWENTY-FIFTH DEFENSE

This Defendant asserts that any award of punitive damages to the Plaintiffs in this action would be a violation of the constitutional safeguard provided to this Defendant under the Sixth Amendment to the Constitution of the United States of America.

### TWENTY-SIXTH DEFENSE

This Defendant affirmatively asserts that it is a violation of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature yet compel this Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claim for punitive damages violates the due process of Article 1, Section 6 of the Constitution of Alabama.

## TWENTY-NINTH DEFENSE

Any award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of the law required under the Fifth and Fourteenth Amendment of the United States Constitution.

## THIRTIETH DEFENSE

This Defendant pleads advice of counsel.

## THIRTY-FIRST DEFENSE

This Defendant reserves the right to supplement and amend its Answer as may it be necessary.

Respectfully submitted,

s/Thomas E. Bazemore, III
Thomas E. Bazemore, III
M. Brent Almond
Attorneys for Defendant,
Allstate Insurance Company

OF COUNSEL:
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South
Birmingham, Alabama 35223
205-251-1193
205-251-1256

## JURY DEMAND

THIS DEFENDANT REQUESTS A TRIAL BY STRUCK JURY.

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing document on all counsel of record, by placing a copy of same in the United States Mail, postage paid on this the _____ day of March 2013, as follows:

Myron K. Allenstein
Allenstein & Allenstein, LLC
141 South 9th Street
Gadsden, AL 35901

                                                  /s/Thomas E. Bazemore, III
                                                Of Counsel

ELECTRONICALLY FILED
3/29/2013 12:26 PM
31-CV-2013-900027.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| Michael and Sandra Lord | ) |
| | ) |
|     Plaintiffs | ) |
| | ) |
| v. | ) |
| | )CIVIL ACTION NO.: CV-2013-900027 |
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## NOTICE OF FILING NOTICE OF REMOVAL

**TO:**     Circuit Court Clerk
            Etowah County Courthouse

Please take notice that Allstate Insurance Company, Defendant in the above-styled action, on the 29th day of March 2013, filed their Notice of Removal, a copy of which is attached hereto, in the Office of the Clerk of the United States District Court for the Northern District of Alabama, Middle Division.

                                      Respectfully submitted,

                                      s/Thomas E. Bazemore, III
                                      Thomas E. Bazemore, III
                                      M. Brent Almond
                                      Attorneys for Defendant
                                      Allstate Insurance Company

**OF COUNSEL:**
HUIE, FERNAMBUCQ AND STEWART, LLP
Three Protective Center
2801 Highway 280 South
Birmingham, Alabama 35223
Telephone: (205) 251-1193

01785889.1/1050-0544

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on all parties of record via electronic filing with the AlaFile system or by placing same in the United States mail, postage prepaid, on March 29, 2013.

Myron K. Allenstein
Allenstein & Allenstein, LLC
141 South 9th Street
Gadsden, AL 35901

/s/Thomas E. Bazemore, III
Of Counsel

01785889.1/1050-0544